IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS A. STARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv–01239−JPG |
| ) | |
| JEFFERSON COUNTY JUSTICE ) | |
| CENTER, ) | |
| MOUNT, and ) | |
| TRAVIS ALLEN, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Travis A. Starr, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at the Jefferson County Justice Center. Plaintiff requests compensatory damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Dante Moore, another inmate at the Jefferson County Justice Center, shot Plaintiff's brother.[1] (Doc. 1, p. 27). Moore also threatened Plaintiff. *Id*. Upon learning that Moore would be transferred to his cell block, Plaintiff put in a "kiosk" request to not have Moore housed on his block. (Doc. 1, p. 28). Plaintiff also alleges he told C/O Webb about the threats. (Doc. 1, p. 35). When Moore was placed on Plaintiff's block anyway, Plaintiff attacked him at 8:30 pm on May 4, 2018 because he felt threatened. (Doc. 1, p. 27, 29). An exhibit attached to the Complaint shows that Plaintiff submitted his request to keep separate from Moore at 6:45 pm on May 4th, but that it was not received by staff until the following day. (Doc. 1, p. 10). Plaintiff alleges that Moore also got into another altercation with a different inmate prior to being placed on his block. (Doc. 1, pp. 9-10, 13). Plaintiff also alleges that the jail did not follow their step-down procedure

---

[1] At other points in the Complaint, Plaintiff clarifies that the victim was not biologically his brother, but like a brother.

when releasing Moore from segregation. (Doc. 1, pp. 28-29). Plaintiff was disciplined for attacking Moore, and alleges that being placed in segregation had a detrimental effect on his mental health, causing suicidal ideation. (Doc. 1, p. 27).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1** – Defendants violated Plaintiff's Eighth and/or Fourteenth Amendment rights by failing to protect him when they assigned Moore to his housing unit.

Plaintiff has not specified whether he was a pre-trial detainee or a convicted person at the time of the incident. If Plaintiff takes up the Court's invitation to submit an amended complaint, he should clarify this point, as different standards apply.

But regardless, Plaintiff's Complaint must be dismissed at this time because he has not adequately pleaded personal involvement on behalf of the Defendants in their individual capacities or the existence of an unconstitutional policy or custom that harmed him. Plaintiff has named Mount and Allen as Defendants, but his statement of claim fails to establish that they were involved in the allegations at issue, making the Complaint insufficient as to them. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.[2] *See Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, Mount and Allen

---

[2] The statement of claim states that Mount put Plaintiff on suicide watch, but the Court doesn't understand Plaintiff to be alleging that being placed on suicide watch was unconstitutional.

3

cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because of their positions of authority. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

It is also improper to name the jail as a defendant. Under Federal Rule of Civil Procedure 17(b), a defendant named in a lawsuit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 1st Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D. Ill. 1992); *see West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1. Therefore the Jefferson County Justice Center will be dismissed with prejudice as a Defendant.

Plaintiff may be able to bring a claim against Travis Allen in his official capacity as Sheriff of Jefferson County if he can point to an unconstitutional policy or custom that caused his

harm. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). Plaintiff has discussed a certain jail policy, but he has not alleged that the policy itself harmed him; on the contrary, Plaintiff accuses jail staff of not properly following the policy on a single occasion. That does not state a *Monell* claim. As Plaintiff has failed to state a claim against any named Defendant, this action must be dismissed without prejudice at this time.

## Motion for Recruitment of Counsel

Plaintiff has also moved the Court to appoint him counsel. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The Court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). Plaintiff has

written to a single law firm that has rejected his case due to their work on Hepatitis C cases. (Doc. 3, p. 1). Making a single inquiry to a law firm that does not handle the type of work the litigant is shopping around is not a reasonable attempt to recruit counsel. Plaintiff should seek representation of at least 2-3 other legal service providers. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion is **DENIED**. (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** is **DISMISSED without prejudice** for failure to state a claim against the Defendants. Jefferson County Justice Center is **DISMISSED with prejudice** because it is not a legal entity capable of being sued. Plaintiff's Motion for Recruitment of Counsel is **DENIED without prejudice**. (Doc. 3)

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his excessive force claim (on or before **September 13, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: August 16, 2018**

<u>s/J. Phil Gilbert</u>
**U.S. District Judge**